**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>        v. <br><br>PUERTO RICO SEWER AUTHORITY, ET ALS <br><br>    Defendants. | CIVIL NO. 06-1624 (PG) |

**OPINION & ORDER**

    Before the Court is Defendant Puerto Rico Aqueduct and Sewer Authority's ("PRASA") Motion for a Temporary Restraining Order and Permanent Injunction (Docket No. 30), which incorporates its memorandum of law in support thereof, wherein PRASA requests temporary and permanent injunctive relief against Leovigildo "Leo" Cotté Torres, in his personal and official capacity as Mayor of the Municipality of Lajas, Puerto Rico (hereinafter "Cotté"), as well as any and all persons acting on his behalf or under his direction, and any and all persons undertaking the actions more fully described in the motion. It appearing from the face of the motion that bona fide efforts to provide notice to the defendant were made, the Court issues the temporary injunctive relief sought by PRASA.

    PRASA's motion seeks immediate temporary and permanent injunctive relief in the form of an Order from the Court prohibiting Cotté, any and all persons acting on his behalf or under his direction, and any and all persons undertaking the actions more fully described in the Motion, to preserve the status quo, to ensure that PRASA may continue to undertake a series of improvements to the Lajas Wastewater Treatment Plant (the "Lajas WWTP") to achieve phosphorus removal and increase its treatment capacity, and the elimination of the La Parguera Wastewater Treatment Plant (the "La Parguera WWTP") by connection to the Lajas WWTP, specifically by means of the installation of an 8 inch line and an intermediate relay lift station to connect the La Parguera WWTP to the Lajas WWTP.  The referenced relay lift station is being constructed along road PR-303 in the Municipality of Lajas.  The elimination of the La Parguera WWTP is to be achieved by the diversion of flow to the Lajas WWTP by construction of a gravity sewer line, a force trunk sewer line and two (2) lift stations (the "Project").

Civil No. 06-1624 (PG)                                                    Page 2

The Project is being undertaken by PRASA as a result of the Consent Decree (Docket No. 16) entered in the instant case, as well as the Judgment entered in criminal case number 06-00202 (PG) (the "Criminal Judgment").

It arises from the Declaration of Joel Lugo Rosa Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746, as well as the Declaration of Angel Feliberty Silvestry Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746, that Cotté, as well as other persons acting on his behalf or under his direction or out of their own volition, have attempted to impede PRASA's compliance with the Consent Decree and the conditions of the Criminal Judgment. Cotté's interference with PRASA's obligations is made more egregious when the fact that the Lajas Municipal Police was mobilized to the Project to impede PRASA's prosecution thereof is taken into account.

The powers established under the All Writs Act support this Court's authority to protect EPA-negotiated consent decrees. See Sable v. General Motors Corp., 90 F.3d 171 (6th Cir.1996). In Egri v. Connecticut Yankee Atomic Power Co., 270 F.Supp.2d 285 (D.Conn. 2002), it was decided that the All Writs Act conferred jurisdiction upon the federal court to remove from state court a suit by landowners seeking to halt approval by the town of a nuclear power plant's proposal to construct a dry nuclear waste storage unit on premises, when the federal court had authorized construction as part of a settlement of a suit brought by the town. In addition, this Court has jurisdiction pursuant to the All Writs Act to craft a temporary injunction to compel residents of the town, as non-parties to the underlying suit, from acts that will frustrate the consent decree's operation on PRASA; the Court does not purport to bind non-parties to particular provisions of the decree itself, except insofar as essential to the implementation of the consent decree. See In re Egri, 68 Fed.Appx. 249 (2nd Cir.2003), 2003 WL 21510422, *cert. den.* 124 S.Ct. 1419 (2003).

Under the All Writs Act, the Court's power to effectuate an injunction extends to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, as in the instant case. See Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 244 F.Supp.2d 41 (N.D.N.Y. 2003), *aff'd in part and remanded*, 451 F.3d 77 (2nd Cir.2006), *cert. den.* 127 S.Ct. 1373.

In limited and extraordinary circumstances, the Court may enjoin individuals who are not parties to the action where they have notice of court's orders, they intentionally violate those orders, they are members of a class who

cannot realistically be specified in advance of such violations, and their actions interfere with obligations and ability of parties to comply with the court's orders, create conditions of lawlessness and chaos in community and interfere with the court's ability to adjudicate rights and responsibilities of parties before it. See U.S. v. State of Wash., 459 F.Supp. 1020 (W.D.Wash. 1978), *aff'd* 645 F.2d 749 (9th Cir.1981). Cotté, as well as the general population of the Commonwealth of Puerto Rico, has notice of the Consent Decree and the Criminal Judgment; in fact, the Criminal Judgment ordered PRASA to publicize an announcement on three major newspapers in Puerto Rico containing the nature of the offense committed, the fact of the conviction, the nature of the punishment imposed, and the steps that will be taken to prevent the recurrence of similar offenses (Criminal Judgment, at p. 3, 2). Therefore, Cotté and anyone else seeking to thwart PRASA's compliance with the Consent Decree has actual and constructive knowledge of the Consent Decree and the Criminal Judgment, inasmuch as the Criminal Judgment also incorporates by reference the Consent Decree, and the Court has knowledge that PRASA publicized the conviction in accordance with the Criminal Judgment.

Finally, Rule 65(b) of the Federal Rules of Civil Procedure states that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required.

FED.R.CIV.P. 65(b). Further, it is well known that:

> [t]he ex parte temporary restraining order is indispensable to the commencement of an action when it is the sole method of preserving a state of affairs in which the court can provide effective final relief. Immediate action is vital when the parties have specifically agreed to certain conduct contained in a contractual covenant leading to potential irreparable harm if not complied with. In these situations, giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all.

11A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL 2d, § 2951.

A TRO is an extraordinary remedy that should not be granted unless the movant proves the following elements: (1) the likelihood of success on the

Civil No. 06-1624 (PG)                                                    Page 4

merits; (2) the potential for irreparable harm to the movant; (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted; and (4) the effect of the decision on the public interest. See Ross-Simons of Wardwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir.1991). Likelihood of success is the touchstone of the preliminary injunction inquiry. See Ross-Simons, 102 F.3d at 16; Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993). PRASA's request fully complies with the required criteria as set forth *infra*.

It being determined by the Court that PRASA is not only entitled, but also obligated under the Consent Decree and the Criminal Judgment to prosecute the Project; that Cotté's actions have the potential for irreparable harm to PRASA; that the harm to PRASA outweighs any harm to Cotté; and that the Project is of extreme public interest not only to the people of Lajas but also to the People of Puerto Rico, the Court therefore **GRANTS** PRASA's request, and it is **HEREBY ORDERED**:

1. Cotté and any other person or entity from taking any action which would thwart PRASA's compliance with the Consent Decree and the Criminal Judgment are temporarily restrained from doing so.
2. Cotté and any other person or entity to cease and desist from any and all actions designed to impede prosecution of the Project and thereby thwart PRASA's compliance with the Consent Decree and the Criminal Judgment.
3. The Court sets an Injunctive Hearing relating to the continuance of this Temporary Restraining Order and/or its modification or its expiration and to Plaintiff's Motion for Preliminary Injunction (Docket No. 30) to be held on **June 29, 2009 at 9:30 a.m. THIS IS A FIRM DATE.** Any request for continuance shall be absolutely SUMMARILY DENIED UNLESS BOTH PARTIES STIPULATE FOR A CONTINUANCE.
4. Plaintiff's counsel shall immediately serve Cotté with a copy of this order and any other relevant submissions, and shall file proof of service with the Court no later than **24 hours** prior to the scheduled hearing.
5. This order shall remain in full force and effect for **10 days** from the date of entry.
6. The individual persons above stated are FOREWARNED that they may be subject to civil contempt, and/or economic sanctions for any violation to this Order.

Civil No. 06-1624 (PG)                                                    Page 5

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 26, 2009.

>                                    S/ JUAN M. PÉREZ-GIMÉNEZ
>                                    JUAN M. PÉREZ-GIMÉNEZ
>                                    UNITED STATES DISTRICT JUDGE