|                                          |                          |
|------------------------------------------|--------------------------|
| UNITED STATES DISTRICT COURT             |                          |
| DISTRICT OF PUERTO RICO                  |                          |

UNITED STATES OF AMERICA,

    Plaintiffs,

    v.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, et al.,

    Defendants.

Civil No. 06-1624 (PG/JAF)

**<u>PRELIMINARY INJUNCTION ORDER</u>**

Before the court is Defendant Puerto Rico Aqueduct and Sewer Authority's ("PRASA") Motion for injunctive relief (Docket No. 30), which incorporates its memorandum of law in support thereof, wherein PRASA requests temporary and permanent injunctive relief against Leovigildo "Leo" Cotté-Torres (hereinafter "Cotté"), in his personal and official capacity as Mayor of the Municipality of Lajas, Puerto Rico, as well as any and all persons acting on his behalf or under his direction, and any and all persons undertaking the actions more fully described in the motion. Cotté has responded. (Docket No. 41.) A hearing for preliminary injunction was held today and only PRASA and the Environmental Protection Agency presented evidence.

PRASA's motion seeks immediate injunctive relief in the form of an Order from the court prohibiting Cotté, any and all persons acting on his behalf or under his direction, and any and all persons undertaking the actions more fully described in the Motion, to preserve the status quo, to ensure that PRASA may continue to

Civil No. 06-1624 (JAF)                                                      -2-

undertake a series of improvements to the Lajas Wastewater Treatment Plant (the "Lajas WWTP") to achieve phosphorus removal and increase its treatment capacity, and the elimination of the La Parguera Wastewater Treatment Plant (the "La Parguera WWTP") by connection to the Lajas WWTP, specifically by means of the installation of an 8-inch line and an intermediate relay lift station to connect the La Parguera WWTP to the Lajas WWTP. The referenced relay lift station is being constructed along road PR-303 in the Municipality of Lajas. The elimination of the La Parguera WWTP is to be achieved by the diversion of flow to the Lajas WWTP by construction of a gravity sewer line, a force trunk sewer line and two lift stations (the "Project").

The Project is being undertaken by PRASA as a result of the Consent Decree (Docket No. 16) entered in the instant case, as well as the Judgment entered in criminal case number 06-202 (PG) (the "Criminal Judgment").

It appears from the evidence received today and the previous Declaration of Joel Lugo Rosa Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746, as well as the Declaration of Angel Feliberty Silvestry Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746, that Cotté, as well as other persons acting on his behalf or under his direction or out of their own volition, have attempted to impede PRASA's compliance with the Consent Decree and the conditions of the Criminal Judgment. The allegation is to the effect that Cotté's

Civil No. 06-1624 (JAF)                                                    -3-

interference with PRASA's obligations included mobilizing the Lajas Municipal Police to impede PRASA's prosecution thereof. These allegations against the mayor were not seriously contested at today's hearing, but we find that members of the community were mainly involved in obstructing PRASA's construction process. It appears possible that these individuals relied on different objections by the mayor, mainly on the piping route, which are not pertinent here now.

The powers established under the All Writs Act support this court's authority to protect EPA-negotiated consent decrees. See Sable v. General Motors Corp., 90 F.3d 171 (6th Cir. 1996). In Egri v. Connecticut Yankee Atomic Power Co., 270 F.Supp.2d 285 (D.Conn. 2002), it was decided that the All Writs Act conferred jurisdiction upon the federal court to remove from state court a suit by landowners seeking to halt approval by the town of a nuclear power plant's proposal to construct a dry nuclear waste storage unit on premises, when the federal court had authorized construction as part of a settlement of a suit brought by the town. In addition, this court has jurisdiction pursuant to the All Writs Act to craft a temporary injunction to compel residents of the town, as non-parties to the underlying suit, from acts that will frustrate the consent decree's operation on PRASA; the court does not purport to bind non-parties to particular provisions of the decree itself, except insofar as essential to the implementation of the consent decree. See In re

Egri, 68 Fed.Appx. 249 (2nd Cir.2003), 2003 WL 21510422, *cert. denied*, 124 S.Ct. 1419 (2003).

Under the All Writs Act, the court's power to effectuate an injunction extends to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, as in the instant case. See Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 244 F.Supp.2d 41 (N.D.N.Y. 2003), *aff'd in part and remanded*, 451 F.3d 77 (2nd Cir. 2006), *cert. denied*, 127 S.Ct. 1373.

In limited and extraordinary circumstances, the court may enjoin individuals who are not parties to the action where they have notice of court's orders, they intentionally violate those orders, they are members of a class who cannot realistically be specified in advance of such violations, and their actions interfere with obligations and the ability of parties to comply with the court's orders, create conditions of lawlessness and chaos in the community, and interfere with the court's ability to adjudicate rights and responsibilities of parties before it. See U.S. v. State of Wash., 459 F.Supp. 1020 (W.D.Wash. 1978), *aff'd*, 645 F.2d 749 (9th Cir.1981). Cotté, as well as the general population of the Commonwealth of Puerto Rico, have notice of the Consent Decree and the Criminal Judgment; in fact, the Criminal Judgment ordered PRASA to publicize an announcement on three major newspapers in Puerto Rico containing the nature of the offense

committed, the fact of the conviction, the nature of the punishment imposed, and the steps that will be taken to prevent the recurrence of similar offenses (Crim. No. 06-202 (PG), Docket No. 22, at p. 3, ¶ 2). Therefore, Cotté and anyone else seeking to thwart PRASA's compliance with the Consent Decree have actual and constructive knowledge of the Consent Decree and the Criminal Judgment, inasmuch as the Criminal Judgment also incorporates by reference the Consent Decree, and the court has knowledge that PRASA publicized the conviction in accordance with the Criminal Judgment.

Preliminary injunctive relief is a remedy that should be granted if the movant proves the following elements: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant; (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted; and (4) the effect of the decision on the public interest. See Ross-Simons of Wardwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). Likelihood of success is the touchstone of the preliminary injunction inquiry. See Ross-Simons, 102 F.3d at 16; Weaver v. Henderson, 984 F.2d 11, 12 1st Cir. 1993). PRASA's request fully complies with the required criteria as set forth *infra*.

It being determined by the court that PRASA is not only entitled, but also obligated under the Consent Decree and the Criminal Judgment to prosecute the Project; that Cotté's actions have

Civil No. 06-1624 (JAF)                                                              -6-

the potential for irreparable harm to PRASA; that the harm to PRASA outweighs any harm to Cotté; and that the Project is of extreme public interest not only to the people of Lajas but also to the People of Puerto Rico, the court, therefore, **GRANTS** PRASA's request, and it is **HEREBY ORDERED**:

1. Cotté and any other person or entity are enjoined from taking any action which would thwart PRASA's compliance with the Consent Decree and the Criminal Judgment.
2. Cotté and any other person or entity shall cease and desist from any and all actions designed to impede prosecution of the Project and thereby thwart PRASA's compliance with the Consent Decree and the Criminal Judgment.
3. This Preliminary Injunction Order shall remain in full force and effect until further Order of this court.
4. The individual persons above stated are FOREWARNED that they may be subject to civil contempt, and/or economic sanctions for any violation to this Order.

Lastly, the court emphasizes that, after the issuance of a previous Temporary Restraining Order, there has been absolute calm at the project site and no additional incidents have arisen. The previously-issued TRO has been respected by all concerned. As stated by the court at the hearing, we are looking forward to resolving this matter and, at this time, will not delve into fixing responsibilities for the June 18, 2009, incidents. The mayor, through counsel, has

Civil No. 06-1624 (JAF)                                               -7-

expressed his desire to cooperate fully, and we assume his good faith in that respect. However, any additional violation will be strictly sanctioned by contempt or otherwise.

The parties will show cause, **on or before August 13, 2009,** as to why this preliminary injunction should not be declared permanent.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of July, 2009.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U. S. District Judge